### MARIE SPETELUNAS *vs.* ARTHUR J. DUBUC.

#### JUNE 12, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

236

CONDON, C. J. This is an action of the case for recovery of rent paid by the plaintiff to the defendant allegedly in excess of the amount allowed by regulation under the federal rent control statute, 50 U.S.C.A. App., §1895. The case was tried to a jury in the superior court and at the con-

clusion of the evidence each party moved for a directed verdict. The trial justice denied each motion, and thereafter the jury returned a verdict for the plaintiff. The defendant then moved for a new trial and that motion was denied.

The case is here on his bill of exceptions which contains four exceptions. However, he has expressly waived exceptions numbered 1 and 4 to the denial of his motions for a directed verdict and for a new trial. He has briefed exceptions numbered 2 and 3 which relate to the refusal of the trial justice to take the case from the jury after both parties had moved for a directed verdict. Although counsel for defendant duly filed his brief in accordance with rule 15 of the Rules of the Supreme Court, he failed to appear for oral argument on the day to which the case was assigned for hearing.

Rule 15 provides in part: "In case of absence of counsel when a cause is reached for hearing before the supreme court, the supreme court will then and there entertain a motion of the adverse party for a continuance, hearing, dismissal, taking upon briefs, or other disposition of the question or case in order for hearing; and in case of hearing or taking upon briefs, will consider the brief theretofore duly filed of such absent counsel without oral argument on his part." In accordance with that provision plaintiff's counsel, who had duly filed his brief and was prepared to argue, moved to dismiss defendant's bill of exceptions. We reserved decision on such motion and allowed him to argue the merits of the case.

Thereafter by leave of court defendant filed a motion in writing praying that plaintiff's motion to dismiss be denied and that the case be taken upon the briefs as filed. Upon consideration and for cause alleged therein defendant's motion is hereby granted. The plaintiff's motion is denied and dismissed, and the case will now be taken and considered upon briefs pursuant to rule 15.

The defendant has briefed exceptions numbered 2 and 3 together as raising one issue, namely: "Did the trial justice commit reversible error in failing to take the case from the jury after both parties to the action had made motions for directed verdict." It appears from the record that plaintiff made such a motion and after it was denied defendant made a like motion which was also denied. At that point the trial justice, sua sponte, declared: "Of course, that raises the question that has never been decided in this State —at common law when both sides move to direct a verdict, the case was taken from the jury and decided by the Court." Whereupon plaintiff asked that such rule be invoked in this case. The trial justice refused, saying: "It has never been done as far as I know and I don't think I will do it." He further observed "that has not been the rule and practice here in Rhode Island as far as I know and I don't think I had better do it * * *." He then went on and stated: "I will deny both motions and note exceptions."

The record does not show that defendant made such a request or that he joined in plaintiff's request. Neither does it show that he expressly excepted to the trial justice's refusal. In the circumstances plaintiff contends that defendant has waived his right to a review of such ruling. There is merit in this contention unless the last above-quoted statement of the trial justice can be reasonably deemed to apply to that ruling and not merely to his denial of each party's motion for a directed verdict. After carefully considering such statement in the context of all that was stated by the trial justice and counsel at the conclusion of the evidence and just prior to plaintiff's request, we are of the opinion that the words "I will deny both motions and note exceptions" do not relate to the trial justice's refusal to comply with such request but to the motions for directed verdicts.

On this view of the record defendant is without a valid exception upon which to raise the issue which he has ar-

gued in his brief. However, since the plaintiff out of an abundance of caution, as he says, has fully briefed and argued such issue and since a determination of it at this time may conceivably be of assistance to the superior court, we have concluded, contrary to our custom, to consider it notwithstanding the absence of a valid exception. No prejudice will thereby result to the plaintiff inasmuch as we are clearly of the opinion that the trial justice did not err in refusing to follow the so-called common-law rule.

As far as we are aware this court has not heretofore passed upon this precise question. There is a conflict of authority on the question elsewhere. 53 Am. Jur., Trial §341, p. 274. The majority view is generally to the effect that the parties thereby waive their right to go to the jury. Id. §342. But even among the jurisdictions so holding there is a tendency in certain circumstances to recognize exceptions to the rule. It is sometimes referred to as the New York rule. 88 C.J.S. Trial §256, p. 619. However, that is no longer the case since a statute in that state now declares that such motions by all the parties do not waive the jury. See *McTiernan* v. *City of Little Falls,* 284 App. Div. (N.Y.) 79.

On the other hand almost an equal number of jurisdictions generally hold that the motions do not in and of themselves have the effect of taking the case from the jury. 88 C.J.S. Trial §256 b. (2), p. 622. The number of jurisdictions that have adopted this view either by decision or by statute is on the increase, and it is now the rule in the federal courts. See 28 U.S.C.A., Federal Rules of Civil Procedure, Rule 50(a). We think that such view will ultimately become the prevailing one especially because New York has changed its position, and because of the influence which the federal practice is bound to exert upon the practice of the lengthening list of states that have adopted rules of procedure similar to the federal rules.

Therefore we are of the opinion that the law of this state does not require the trial justice to take the case from the

jury where each party has moved for a directed verdict. In such circumstances it is clearly within his province to consider each motion by itself and, if he is convinced that there is an issue of fact to be determined, to deny each motion and allow the jury to resolve such issue. In the case at bar the trial justice apparently was thus convinced and, in our opinion, he did not err in refusing to comply with the request for the application of the so-called common-law rule.

The defendant's exceptions are invalid for the purpose of the review which he seeks. But even if we assume that they are valid they are nevertheless overruled for the reasons above stated, and the case is remitted to the superior court for entry of judgment on the verdict.

*Isidore Kirshenbaum, Louis Kirshenbaum, Sanford Kirshenbaum,* for plaintiff.

*Anthony Grilli, Anthony E. Grilli,* for defendant.